UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK NESSELSON, M.D.

*Plaintiff,*

*v.*

JAMES MCDONALD, MD in his official capacity
as Commissioner of NYS Department of Health;
JOSEPH A. GIOVANNETTI in his official capacity
as Director of Bureau of Investigations, NYS
Department of Health; MICHELLE MORSE M.D.
in her official capacity as Commissioner of the New
York City Department of Health and Mental
Hygiene; NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE,

*Defendants.*

**DECLARATION OF BINDY
CROUCH**

25 CV 04464 (JLR)

**BINDY CROUCH** declares, pursuant to 28 U.S.C. § 1746 and under penalty of

perjury, that the following is true and correct:

1.    I am the Assistant Commissioner of the Bureau of Immunization ("BOI")

of the Defendant New York City Department of Health and Mental Hygiene ("DOHMH") and

have held that position from May 2023 to the present. I received my Doctor of Medicine degree

from the University of Massachusetts Medical School in 2002 and my Master's in Public Health

degree from Columbia University Mailman School of Public Health in 2007. I have been employed

by DOHMH in a variety of roles for a total of approximately 11.5 years from July 2007 through

June 2011 and again from March 2018 to the present.

2.    In my current role as Assistant Commissioner of BOI, I provide oversight,

management and leadership of BOI, including the development and implementation of public

health policies, strategies and programs to increase vaccine coverage across the lifespan and to

reduce the incidence of vaccine-preventable diseases among New York City residents; oversee the New York City Vaccines for Children Program and Vaccines for Adults Program; provide subject matter expertise to vaccination campaigns, including the annual back-to-school influenza, and COVID-19 campaigns; direct the New York City Citywide Immunization Registry ("NYCCIR"); formulate policies, procedures and plans relating to vaccine-preventable disease prevention and control; oversee BOI work in public health program evaluation, research and analysis and support presentation of findings at national meetings and in published manuscripts; provide subject matter expertise on immunization-related topics to DOHMH; represent the DOHMH in local, state, and national forums, serving as a subject matter expert on public health program implementation; and serve in a leadership role in the DOHMH Incident Command System, participating in emergency planning activities and public health responses. I currently supervise 92 DOHMH employees.

3.      I make this declaration in opposition to plaintiff's motion for mandatory and prohibitive preliminary injunctive relief and to advise the Court of the status of plaintiff's application for access to the NYCCIR. This declaration is based upon personal knowledge, my review of DOHMH records kept in the ordinary course of business, and conversations with DOHMH employees.

4.      The NYCCIR is a registry that was established in 1997 by the DOHMH in accordance with New York City Health Code ("HC") § 11.07 and its operation is consistent with New York State Public Health Law ("PHL") § 2168. The NYCCIR keeps immunization records for all children and adults who are vaccinated in the city, consolidates immunization information and shares it with health care providers, families and agencies concerned with public health.

5.      Upon information and belief, plaintiff is a pediatrician and adolescent medicine specialist.

6.      DOHMH records reflect that plaintiff previously had access to the NYCCIR from approximately 2006 through 2017, but during that time he never reported administering any immunizations into the NYCCIR.

7.      If, in fact, plaintiff was providing immunizations during this time in New York City to persons less than nineteen years of age, he would have been in violation of PHL § 2168 and HC § 11.07 for not reporting said immunizations into the NYCCIR.

8.      In or about 2017, plaintiff was deactivated from the NYCCIR registry based upon his inactivity for more than a decade.

9.      DOHMH records do not contain any challenge to plaintiff's 2017 deactivation from the NYCCIR and, upon information and belief, plaintiff never inquired into his 2017 deactivation from the NYCCIR.

10.     Public records reflect, and plaintiff does not dispute, that in 2007 he was charged with 17 specifications of professional misconduct by the New York State Board for Professional Misconduct ("OPMC") and because of those charges he entered into a Consent Agreement and Order in which he asserted that he could not successfully defend against at least one of the charges.  *See* Consent Agreement and Order, annexed as Exhibit D to Complaint, at Exhibit A, thereto, Statement of Charges; Complaint at ¶¶51-52.[1] In the Consent Agreement and Order, plaintiff agreed to a thirty-six-month suspension of his license to practice medicine, with the period of suspension stayed, and a corresponding thirty-six-month probationary period. *See Id.*

11.     Additionally, public records reflect, and plaintiff does not dispute, that in 2011, after a subsequent OPMC investigation, plaintiff entered into a Modification Order of the

---

[1] The OPMC charges included, *inter alia*, practicing medicine with negligence, willfully making or filing false reports, practicing medicine fraudulently, and failing to maintain accurate records. *See Id*.

2007 Consent Agreement and Order, which extended the period of probation for an additional thirty-six months until in or about March 2014. *See* Modification Order and Application of Modification Order, annexed as Exhibit E to Complaint; Complaint at ¶¶53 and 55.

12.    On or about July 10, 2023, BOI's School Compliance Unit received a report from a school nurse inquiring into a potentially fraudulent health form completed by plaintiff that could not be verified in NYCCIR.

13.    On or about August 30, 2023, a school nurse contacted BOI and inquired into how to handle providers that are not reporting immunizations to CIR. She named plaintiff as a provider she noticed had repeatedly not reported.

14.    On or about October 2023, NYCCIR received an email from a school nurse stating that plaintiff is not reporting administered vaccines to NYCCIR.

15.    I have been advised by Dr. Denise Benkel, DOHMH BOI City Medical Specialist on my staff, that on December 13, 2023, she telephoned plaintiff's office and was advised by his secretary that plaintiff was at that time actively vaccinating patients and not reporting those immunizations to the NYCCIR in violation of the HC and PHL.

16.    Between February 2024 and May 2024, BOI's School Compliance Unit received four more reports from schools inquiring into potentially fraudulent health forms regarding six students completed by plaintiff that could not be verified in NYCCIR. Some of these reports alleged that a Dr. Eileen Daar was entering immunization records into the NYCCIR on behalf of the plaintiff.

17.    On February 27, 2024, plaintiff completed an online registration form via the Citywide Immunization Registry Facility Manager website managed by BOI for access to the NYCCIR, known as a registration request, and received a confirmation of his registration request.

*See* Complaint at Exhibit C. A confirmation of registration request is confirmation of *receipt* of that request and is not a grant of access to the NYCCIR.

18.    As is the usual practice of DOHMH, plaintiff's application for access to the NYCCIR was reviewed by BOI. Specifically, the BOI CIR team reviewed the request, including verification of the plaintiff's NYS medical license. As the CIR team staff person reviewing the request recognized the name, that CIR team staff person asked their supervisor whether the registration should be approved. The supervisor reached out to the BOI team that works on vaccine fraud, including myself.

19.    On March 1, 2024, the New York State Department of Health ("NYSDOH") Bureau of Investigations confirmed their ongoing investigation into this provider and requested that DOHMH hold-off on completing its review of the registration request.

20.    In or about July 2024, NYSDOH's Bureau of Investigations issued a subpoena to plaintiff and OPMC demanded certain certified billing records from plaintiff. *See* Complaint at Exhibits B and F.

21.    In or about October 2024, DOHMH was advised by NYSDOH that plaintiff had agreed with NYSDOH via email from his attorney, dated July 31, 2024, that he would cease administering vaccines and issuing records of vaccines.

22.    On or about October 15, 2024, NYSDOH posted a directive on the School Vaccine Fraud Awareness website[2] regarding plaintiff which advised as follows:

> **Mark Nesselson, MD**– Is based in New York, NY and currently suspended
>
> from using the Citywide Immunization Registry as of 07/31/2024. Paper-

---

[2]*See*    https://www.health.ny.gov/prevention/immunization/schools/fraud.htm    (last    visited 09/3/2025).

only records of vaccinations administered after this date from this provider must not be accepted.[3]

23.     NYSDOH's previous choice of the word "suspend" in its website post was not quite accurate. Plaintiff was not actually "suspended" from using the NYCCIR because he did not have access to the NYCCIR at the time of filing of his application for registration access on February 27, 2024. More accurately, plaintiff's application for NYCCIR registration access was put on hold with no determination issued regarding his application for registration access to the registry.

24.     Attached hereto as Exhibit A is a screenshot from DOHMH's BOI internal NYCCIR administration tool showing the "status" of plaintiff's application as "pending review." Additionally, next to "facility name" where it states "Mark Nesselson (HOA)," the letters "HOA" stand for "hold off on approval."  *See* Exhibit A.

25.     Between October 2024 and May 2025, BOI's School Compliance Unit received three more reports from schools inquiring into potentially fraudulent health forms completed by plaintiff that could not be verified on NYCCIR. Notably, one of those forms was completed by plaintiff subsequent to his July 31, 2024 agreement with NYSDOH to cease issuing records.

---

[3] I was advised on September 4, 2025 that the School Vaccine Fraud Awareness website has since been amended and now states regarding plaintiff: **Mark Nesselson, MD**– Is based in New York, NY and does not have access to either the Citywide Immunization Registry or the New York State Immunization Information System. Paper-only records of vaccinations administered after 07/31/2024 from this provider must not be accepted.

26.     Plaintiff's February 27, 2024 application for access to the NYCCIR remains on hold pending the investigation being conducted by NYSDOH. No determination has yet been made by BOI regarding plaintiff's application for access to the NYCCIR.

Dated:     September 16, 2025
           New York, New York

**BINDY CROUCH**